**DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**FRATERNAL ORDER OF POLICE, METROPOLITAN POLICE–LABOR COMMITTEE, et al., Appellees.**

No. 94–CV–1324.

District of Columbia Court of Appeals.

Argued Jan. 30, 1996.
Decided March 20, 1997.

Charles L. Reischel, Deputy Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, and Laurie P. McManus, Assistant Corporation Counsel, were on the brief, for appellants.

George B. Driesen, with whom Daniel G. Orfield, Washington, DC, was on the brief, for appellees.

Before WAGNER, Chief Judge, and TERRY and STEADMAN, Associate Judges.

WAGNER, Chief Judge:

Appellant, the District of Columbia (District), appeals from an order of the trial court imposing sanctions on the District and its attorney, O. Gregory Lewis, pursuant to Super. Ct. Civ. R. 11 (Rule 11) for asserting a claim which it deemed to be barred by controlling legal precedent. The District argues that the trial court erred in imposing sanctions where it distinguished in its pleadings the only appellate decision which might be considered contrary to its position and raised an issue of first impression. We conclude that the District's counsel had a good faith and plausible basis for seeking to distinguish the somewhat complex issue presented here from the issue addressed in this court's prior caselaw. Therefore, we conclude that the trial court erred in imposing Rule 11 sanctions.

## I.

### A. Procedural Background

The Metropolitan Police Department of the District of Columbia (Department), represented by the Corporation Counsel for the District, filed a petition to review and set aside an arbitration award resolving an

impasse in negotiations for compensation between the Department and appellee, Fraternal Order of Police Metropolitan Police–Labor Committee (FOP), the collective bargaining representative for the Department's police officers and sergeants. Naming the FOP and three members of the Board of Arbitration (Board) as respondents in the petition, the Department alleged that the Board had exceeded its authority in rendering a "default judgment" against the District, in refusing to permit the District to present its case on the merits, and in failing to consider the criteria established by law. Subsequently, the Department filed a motion for a temporary restraining order (TRO) and a preliminary injunction, contending that unless granted, the court would be divested of jurisdiction because the award would become a legislative act. The trial court (Judge Alprin) denied the motion for a TRO, concluding that the court lacked subject matter jurisdiction as the sixty-day period for action by the Council on the award under D.C.Code § 1–618.17(j) (1992) had not expired. On the day that the order was entered, the FOP moved to dismiss the petition, contending that the award was not final and that the Superior Court lacked jurisdiction to review an award settling an impasse in negotiations under the Comprehensive Merit Personnel Act (CMPA), D.C.Code § 1–618.17. The FOP also claimed that petitioner had failed to join an indispensable party. After learning of the order denying the TRO, the FOP supplemented its motion, contending that the jurisdictional determination in the prior order denying the TRO was the law of the case. The trial court (Judge Burnett) dismissed the petition, concluding that the arbitration results were not final and that the review procedures placed the matter within the legislative branch.

Pursuant to D.C.Code § 1–618.17(j) of the CMPA, when an arbitration award is submitted to the Council, it has sixty calendar days to review and accept or reject it. The Department filed its petition and motion for a TRO before the sixty-first day after the

award was issued. In recognition of § 1–618.17, this court had held previously that the Superior Court lacks subject matter jurisdiction over a petition to review an impasse award until after the Council has acted upon the award as required by law. *Council of Sch. Officers v. Vaughn*, 553 A.2d 1222, 1227–28 (D.C.1989).[1] The District referenced *Vaughn* in its initial petition and attempted to distinguish the case. In opposition to the motion to dismiss, the District further elaborated on the claimed differences between *Vaughn* and its case, contending essentially that the Board had exceeded its statutory authority. After the court rejected the argument and dismissed the case, the FOP filed a motion for sanctions under Rule 11 against the District and the assistant corporation counsel who filed the pleadings on its behalf. The court granted the motion imposing sanctions against the District and counsel in the amount of $11,871.88.

**B.** *Factual Background*

The Department and the FOP engaged in negotiations for a new collective bargaining agreement in July of 1990 which continued through the end of March 1991, except for a suspension for six months for the mayoral election. On April 1, 1991, the FOP declared an impasse, and the Director of the Public Employee Relations Board (PERB) appointed a mediator under whom the parties continued negotiations. However, about May 17, 1991, the mediator informed the parties that, in his judgment, further meditation would not resolve the impasse. At FOP's request, PERB appointed a board of arbitration, and the parties exchanged "last best offers" on July 31, 1991. Negotiations again broke down, and each side attempted to convince the Board to accept its "last best offer." Finally, each side alleged that the other had included items not bargained for in its "last best offer" proposals. Therefore, the Board scheduled hearings on the merits of each side's proposal.

After the FOP had completed its presentation of evidence before the Board, the De-

---

1. In *Vaughn,* this court did not resolve whether judicial review would be available even then.

553 A.2d at 1226.

partment presented three of its witnesses. Several of the District's witnesses remained to be called, but the Board recessed the case for two weeks. Before the case resumed, the Board issued a final decision, with one member dissenting, rejecting the District's entire package. The Board's decision was based upon the determination that three of the District's four proposals had not been raised properly during negotiations and that it could not sever them and consider the Department's fourth proposal. Although recognizing that its action was unprecedented, the Board rejected the District's total package without consideration of its merits and determined that it was obligated to accept the FOP's "last best offer."[2] Objecting to this unprecedented "default" procedure, which would lead to submission of FOP's proposal to the Council, the District filed the petition for review and, subsequently, for a TRO and permanent injunction in Superior Court.

### C. Relevant Statutory Provisions and Rules

Some review of the statutory scheme in effect at the time pertinent to this appeal is essential to an understanding of the District's argument of the distinction between *Vaughn, supra,* and this case. Therefore, we review here briefly those statutory provisions most pertinent to the District's claim.[3]

Collective bargaining over compensation for District employees is governed by the CMPA: D.C.Code §§ 1–612.3 (1992), 1–618.16 (1992), 1–618.17. PERB was established under the CMPA which vests it with authority to resolve impasses in negotiations through arbitration or other methods. D.C.Code §§ 1–601.2(a)(6) (1992), –605.1 (1992), –605.2(4) (1992), and –618.2(c) (1992). PERB does not conduct the arbitration procedures, but provides the arbitrators from a panel

which it maintains. D.C.Code § 1–605.2(4). If the parties are unable to reach an agreement on a new contract, the statute provides for automatic default and impasse procedures to prevent the loss of valuable city services. D.C.Code § 1–618.17(f)(1) & (2). The arbitration board is restricted to "last best offer" arbitration.[4] D.C.Code § 1–618.17(c); *see also* D.C.Code § 1–618.2(c) (enumerating various mechanisms for resolving impasses). Under the ground rules agreed upon by the parties to govern their contract negotiations, compensation issues at impasse were to be presented to the Board through "last best offer total package arbitration," while working conditions were to be resolved on an "issue-by-issue" basis. The Board's decision, which is binding on both parties, is submitted to the Council for final approval. D.C.Code § 1–618.17(f)(3) and (j). When the award in this case was entered, the statute provided for a sixty-day review period by the Council. D.C.Code § 1–618.17(j). The award would become effective by its terms, unless the Council rejected it by a two-thirds vote of its members. *Id.*

## II.

The District and its attorney argue that the trial court abused its discretion in imposing sanctions under Super. Ct. Civ. R. 11 in a case where they alerted the court to the only authority addressing the issue and sought to distinguish it on reasonable grounds. The trial court found that this case is controlled by the opinion of this court in *Vaughn, supra,* and that the unequivocal language in the case made this case indistinguishable. Therefore, it rejected the District's claim that it had a "good faith argument for the extension or modification of

---

2. The dissenting Board member concluded that the panel erred in declaring the District's total package illegal and by issuing an award in FOP's favor by default. According to this member, there was undisputed evidence that the District had presented the proposals to the FOP, including one for overtime and compensatory time and two tax plans.

3. The arbitration award was made on September 4, 1991. D.C.Code § 1–618.17(j) was subsequently revised. However, statutory references are to Code provisions in effect at the time of the award.

4. "Last best offer" total package arbitration appears to require the arbitrator to select the last best offer of one or the other party in its entirety. *See, e.g.,* D.C.Code § 1–618.2(c)(6) and (7) which provides for "final best offer binding arbitration" and "final best offer binding arbitration item by item on non compensation matters" respectively.

existing law." *See* Super. Ct. Civ. R. 11.[5] Further, considering the procedure which the District followed in this case, the trial court was not persuaded that the District had sought in good faith to have the *Vaughn* decision overruled. Specifically, it was the trial court's opinion that the District should have filed its motion for TRO and preliminary injunction at the time it filed its petition, pressed for an expedited hearing, and appealed immediately from any adverse ruling with the view toward seeking en banc review of *Vaughn*, which it deemed to be adverse to the District's position.

▮ We review for an abuse of discretion the trial court's determination of whether a pleading is warranted by existing law or a good-faith argument for its extension. *Williams v. Mount Jezreel Baptist Church*, 589 A.2d 901, 910 (D.C.1991), *cert. denied*, 502 U.S. 865, 112 S.Ct. 190, 116 L.Ed.2d 151 (1991) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403, 110 S.Ct. 2447, 2459–60, 110 L.Ed.2d 359 (1990)). This broad " '[j]udicial discretion must, however, be founded upon correct legal principles.' " *Park v. Sandwich Chef, Inc.*, 651 A.2d 798, 802 (D.C.1994)(quoting *Martin v. United States*, 606 A.2d 120, 132 (D.C.1991)(other citation omitted)). "Rule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.' " *Gray v. Washington*, 612 A.2d 839, 842 (D.C.1992) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987)).

▮ In deciding whether a claim is warranted under existing law, among the factors for consideration are the plausibility of the position taken and the complexity of the issue. *Thomas v. Capital Sec. Serv.*, 836 F.2d 866, 875–76 (5th Cir.1988) (en banc). Consid-

eration should be given to the clarity or ambiguity of the law. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1014 (2d Cir.1986) (refusing to impose sanctions, in part, because the law was unsettled); *Black Hills Inst. v. South Dakota Sch. of Mines & Tech.*, 12 F.3d 737, 745 (8th Cir.1993), *cert. denied*, 513 U.S. 810, 115 S.Ct. 61, 130 L.Ed.2d 18 (1994) (refusing to impose sanctions where case law on this issue was sparse and unclear) (citations omitted). The rule makes sanctionable the filing of pleadings which are "legally unreasonable." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986) (citation omitted). The rule creates an objective standard of " 'reasonableness under the circumstances.' " *Id.* at 1536 (quoting Advisory Committee Note, 97 F.R.D. 165, 198 (1983)). A legal position which ignores relevant controlling authority may be sanctioned. *See id.* at 1537 (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 205 (7th Cir.1985)). Where the applicable statute offers no clear answer and there is no case precedent contrary to the position, it cannot be said that the case has no chance of success; therefore, its assertion will not be sanctionable. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1378 (4th Cir.1991). With these general principles in mind, we review the issue presented here.

In *Vaughn, supra*, the case central to the trial court's decision to impose sanctions, this court held that the trial court lacked jurisdiction to review an interest arbitration award where the Council had not yet acted on the award pursuant to D.C.Code § 1–618.17(j). We determined that "the Superior Court could only have had jurisdiction if [the petitioner] had filed its petition for review after the D.C. Council had in fact acted upon the

---

5. At the time relevant to this appeal, Rule 11 provided in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed

for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This rule is virtually identical to Fed.R.Civ.P. 11 then in effect; therefore, we may consider federal cases interpreting it as persuasive authority. *Stansel v. American Security Bank*, 547 A.2d 990, 995 n. 8 (D.C.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989) (citations omitted). Subsequent amendments to the rule do not affect the disposition of this case.

award as required by statute." *Vaughn*, 553 A.2d at 1227 (citation omitted).

In the case before us, like *Vaughn*, the statutory period for review by the Council had not expired when the District filed its petition in Superior Court. In its petition, the District alerted the court to this court's decision in *Vaughn*. However, it argued that *Vaughn* was distinguishable because there the parties sought review of the arbitrator's ruling on the merits, while in this case, the arbitrators adjourned the hearing and failed to rule on the merits. Essentially, the District contended that the arbitrators failed to accord it the process due by refusing to entertain its offer on the merits and by exceeding their authority in issuing a "default judgment." In its motion for a TRO and preliminary injunction, the District elaborated upon its position, explaining that the arbitrators' action was unprecedented, a fact which even the arbitrators recognized in their decision. The District, through its attorney, argued that if the statutory review period for the Council were allowed to commence, jurisdiction of the court might be defeated. It contended that such action might render the flawed award, upon which the Council would have to act with an inadequate record, unreviewable because of the statutory provision allowing the award to become effective automatically. *See* D.C.Code § 1–618.17(j). The District also contended that the award was reviewable under the Uniform Arbitration Act, D.C.Code § 16–4311 *et seq.* (1989), an issue not addressed in *Vaughn*.

■ We need not resolve whether the District would succeed ultimately on the merits of its claim in order to determine the propriety or impropriety of the imposition of sanctions. A showing sufficient to defeat sanctions may be made where it is *not* patently clear that the party's position has no chance of success. *Gray, supra*, 612 A.2d at 842 (citation omitted). Here, the outcome of the District's claim is not so clear. The District had a good faith argument that its case was distinguishable from *Vaughn*. Here, unlike *Vaughn*, the claim was that the arbitrators aborted the hearing, precluding the District from completing its presentation on the merits. Whether limited review or court intervention might be available to compel the arbitrators' compliance with the procedural requirements of law was not squarely before the court in *Vaughn*.[6] *See Vaughn*, 553 A.2d at 1222–23. It is fairly arguable that there is no settled law on the precise question raised here, which undercuts any claim that sanctions are warranted. *See Black Hills, supra*, 12 F.3d at 745; *Kamen, supra*, 791 F.2d at 1014. Rather than ignoring the precedent most likely relevant, the District brought it to the court's attention at the outset and sought to distinguish it on a plausible basis, a factor demonstrating good faith and weighing against the imposition of sanctions. *See Golden Eagle, supra*, 801 F.2d at 1538 (citations omitted).

■ The statutory time requirements subjected the District's claim to limited time constraints. There was a real potential that the transmitted award might be given automatic effect if the Council failed to act within the statutory time period. The time limitations under which an attorney must pursue the claim is appropriately taken into account in considering whether to impose sanctions. *See Cooter & Gell, supra*, 496 U.S. at 401–02, 110 S.Ct. at 2458–59. The case precedents in this jurisdiction on similar issues are limited, which is another factor weighing against the imposition of sanctions. *See Black Hills, supra*, 12 F.3d at 745. Even the trial court acknowledged that the legal issues were substantial and unsettled in its order imposing sanctions. Specifically, the trial court identified these issues as: (1) "whether the Superi-

---

6. The District contended in the trial court that the default procedure deprived the Council of a complete record in that it did not include: (1) findings on the merits or consideration of the District's ability to comply with the offers, *see* D.C.Code § 1–618.2(d)(2); (2) an analysis of how the offers affected the public health, safety and welfare, *see* D.C.Code § 1–618.2(d)(3); (3) a comparison to the general wage structure in the D.C. Standard Metropolitan Statistical Area, *see* D.C.Code § 1–612.3(a)(1) (1992); (4) an evaluation of how the award complied with overtime requirements, *see* D.C.Code § 1–612.3(d); or (4) consideration of comparable costs of basic pay, health benefits, and annual leave in the surrounding jurisdictions and other larger cities, *see* D.C.Code § 1–618.17(c).

or Court has subject matter jurisdiction in an 'interest arbitration' proceeding before final action by the District of Columbia City Council"; and (2) "whether the arbitration panel acted contrary to law in rejecting the District of Columbia's 'last best offer' on the grounds and for the reasons stated, or whether it should have merely severed the objectionable items from the package." In light of the trial court's own acknowledgment of the unsettled state of the law, it is difficult to justify the imposition of sanctions upon the District and its counsel for attempting to address these unresolved questions. *See id.; Thomas, supra,* 836 F.2d at 875–76. We must apply Rule 11 so as not to " 'chill an attorney's enthusiasm or creativity in pursuing factual or legal theories' " which are untested. *Brubaker, supra,* 943 F.2d at 1373 (citing Fed.R.Civ.P. 11, notes of advisory committee on 1983 Amendment). Considering all the circumstances, we are constrained to hold that the trial court abused its discretion in imposing sanctions in this case. *See Williams, supra,* 589 A.2d at 910.

For the foregoing reasons, the order appealed from hereby is reversed and remanded to the trial court with instructions to vacate it.

*So ordered.*