**[J-70-2020] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

JOSEPH BERNARD FITZPATRICK, III,

Appellant

: No. 6 MAP 2020
:
: Appeal from the Order of the
: Superior Court dated February 19,
: 2019, Reconsideration Denied April
: 23, 2019, at No. 259 MDA 2018,
: Affirming the Judgment of Sentence
: dated December 6, 2017 at No. CP-
: 67-CR-2534-2014.
:
: ARGUED:  September 15, 2020

### DISSENTING OPINION

**JUSTICE MUNDY**                                          **DECIDED: July 23, 2021**

I agree with the Majority that Annemarie's note stating "If something happens to me - JOE" can be properly construed as an expression of Annemarie's fear of Appellant. I also agree with the Majority that Annemarie's fear of Appellant was relevant in Appellant's trial to rebut his assertion that her death was the result of an ATV accident. In addition, the note can also arguably be construed as predicting Appellant would be Annemarie's assailant in a future attack.  I disagree, however, with the Majority's determination that, because the note is inadmissible for this second purpose, it is inadmissible altogether.  I would hold the note admissible to show Annemarie's fear of her husband as long as it is accompanied by a limiting instruction directing the jury it may only consider the note for that purpose and not for the purpose of identifying Appellant as Annemarie's assailant.  The trial court's failure to give such a limiting instruction was error; however, that error was harmless as Appellant was not prejudiced by the failure. Thus, I would uphold Appellant's conviction.

As the Majority recognizes, Annemarie's note evidences her fear of Appellant, which is admissible under the state of mind exception to the rule against hearsay. Pa.R.E. 803(3).[1] This Court has vacillated between a broad and limited view of the relevance of a victim's state of mind. *Commonwealth v. Moore*, 937 A.2d 1062, 1070-71 (Pa. 2007). There are, however, three well established situations "in which the need for such statements overcome almost any possible prejudice." *U.S. v. Brown*, 490 F.2d 758, 767 (D.C. Circ. 1973). One such situation is where a defendant asserts the victim's death was the result of an accident. *Id.* In those instances, the victim's state of mind is relevant to rebut the accidental death defense. *Id.* Here, Appellant asserts Annemarie's death resulted not from murder, but from an ATV accident. Annemarie's state of mind is, therefore, relevant to rebut this assertion and her note is admissible to show that state of mind. This is true even though the note can arguably be considered hearsay evidence identifying Appellant as Annemarie's potential assailant. Our Rules of evidence provide that a court may admit evidence that is admissible for one purpose but not for another, as long as the court "restrict[s] the evidence to its proper scope and instruct[s] the jury accordingly." Pa.R.E. 105.[2] Under Rule 105, therefore, the trial court in this case could

---

[1] **(3) Then-Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will. Pa.R.E. 803(3).

[2] **Rule 105 Limiting Evidence That is Not Admissible Against Other Parties or for Other Purposes.** If the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly. The court may also do so on its own initiative. Pa.R.E. 105.

Pursuant to Rule 105, when the court admits evidence that is admissible for one purpose and not another, the court must give a limiting instruction when one is requested and may do so *sua sponte*. The defense here did not request the court issue a limiting instruction directing the jury that it could only consider Annemarie's note for the purpose of her state

have properly admitted the note for the purpose of showing Annemarie's state of mind while issuing a limiting instruction to the jury that it may only consider the note for that purpose and not as evidence of the identity of her alleged assailant. Juries are presumed to follow cautionary instructions. *Commonwealth v. Small*, 980 A.2d 549 (Pa. 2009).

Contrary to the Majority's assertion, this approach is not an attempt to use a limiting instruction to turn inadmissible evidence admissible. The entirety of Annemarie's statement is admissible. It is admissible for the purpose of demonstrating Annemarie's state of mind when she wrote it. It is not admissible for the purpose of identifying her assailant. The role of the limiting instruction is to instruct the jury for what purpose it may use the statement, which is proper under Rule 105. As the court explained in *Brown*:

> This is, of course, the familiar rule of multiple admissibility. In this context it operates in this manner: A statement which would be pure hearsay as to the truth of the matters alleged is not made inadmissible thereby if introduced solely to show the declarant's state of mind and if accompanied by a limiting instruction. This represents a basic policy judgment that the possibility of misuse of the evidence for the impermissible purpose, when minimized by a limiting instruction, is a risk worth chancing when compared to the harms that would likely result from the total exclusion of valuable relevant evidence.

*Brown*, 490 F.2d at 763. The *Brown* Court acknowledged the risk that juries may be unable or unwilling to follow the limiting instruction and instead use the statement for an improper purpose. *Id.* at 764. According to *Brown*, in cases where the limiting instruction may be inadequate, the court must weigh the possible prejudice against the statement's probative value. *Id.* As with any other evidence, if the probative value of the statement is outweighed by a danger of unfair prejudice, the court may exclude introduction of the statement. *See* Pa.R.E. 403 ("The court may exclude relevant evidence if its probative

of mind. Given the contents of the note and the circumstances of the case, the court, however, should have given such an instruction *sua sponte*. As discussed *infra*, however, Appellant was not prejudiced by the court's failure to issue such an instruction.

value is outweighed by a danger of…unfair prejudice…"). Unfair prejudice is defined as evidence that has "a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Wright*, 691 A.2d 119, 151 (Pa. 2008).

The probative value, potential prejudice, and effectiveness of a limiting instruction, are all dependent on the contents of the specific statement and the totality of the circumstances of a particular case. A *per se* bar on such statements because they may possibly be used by the jury for an improper purpose would omit relevant evidence without any analysis of what, if any, prejudicial effect it may have or the adequacy of a limiting instruction. A case by case approach, on the other hand, permits the trial court to consider the contents of the declarant's statement and the probability a limiting instruction will adequately curb the jury's improper use in balancing the statement's probative value against the risk of unfair prejudice. Under the Majority's categorical approach a statement from a deceased victim expressing fear of an ultimate assailant would never be admissible, because it could always potentially be used to identify the assailant.

In this case, Annemarie wrote the note stating "If something happens to me - JOE" the day Appellant asserts she passed away as the result of an alleged ATV accident. This evidence is highly probative to the question of how Annemarie died as it expresses her fear of her husband and that something may "happen" to her, rebutting his assertion that her death was accidental. The potentially prejudicial aspect of the note is its identification of Appellant as being responsible for any untoward incident that may happen in the future. The potential for unfair prejudice is diminished because Annemarie's note is not a recollection of an incident that previously occurred but rather a prediction of the cause of a possible future event. A limiting instruction, directing the jury it may only consider the note for the purpose of Annemarie's state of mind and not as proof that her

prediction came to fruition, would further minimize the possibility the jury would use the statement for an improper purpose, and the predictive nature of the note diminishes the likelihood the jury would ignore the limiting instruction. Annemarie's note is relevant, highly probative, and a limiting instruction would further mitigate the possibility of unfair prejudice.

To the extent the trial court erred by not giving a limiting instruction regarding the limited use for which Annemarie's note could be considered, given the circumstances of the case, that error was harmless. Harmless error exists when "the appellate court determines that the error could not have contributed to the verdict." *Commonwealth v. Story*, 383 A.2d 155, 164 (Pa. 1978). The Commonwealth bears the burden of proving the error was harmless beyond a reasonable doubt. *Id.* at 162 n. 11.

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilty was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Chmiel*, 889 A.2d 501, 521 (Pa. 2005).

Here, Appellant was not prejudiced by the admittance of Annemarie's note without an accompanying limiting instruction. The admission did not cause the jury to hear inadmissible evidence, as the note is admissible as an expression of Annemarie's state of mind to rebut Appellant's accidental death defense. The only possible prejudice to Appellant would be if the jury considered the note as evidence identifying Appellant as Annemarie's assailant. Given the circumstances of the case, however, the question of identity is only relevant if the jury first concludes Annemarie's death was a homicide. Appellant's own testimony shows he was the only person present when Annemarie died

and, thus, her only possible assailant.  Appellant could not have been prejudiced by the jury's consideration of Annemarie's statement as evidence of identification of him because if there was an assailant, the uncontested circumstances of the case, even absent the note,  left no doubt as to his identity.  The only truly contested question is the cause of Annemarie's death, accident or homicide.  As noted, the note was admissible and relevant to the jury in its deliberation of that question.  The failure of the court to issue an instruction to the jury limiting its use of the note to Annemarie's state of mind could have had little, if any, effect on the jury's deliberation of the question of the perpetrator's identity.  Thus any error was harmless.[3]

For the above reasons, I would affirm the Superior Court's ruling and, therefore, respectfully dissent.


Justice Dougherty joins this dissenting opinion.

---

[3] I acknowledge the Commonwealth arguably used Annemarie's note for identification purposes in its closing argument.  *See* N.T. 5/12/15, 1214, 1231, and 1256.  That argument, however, does not change the uncontested circumstances of the case, if Annemarie was murdered, Appellant was unquestionably her assailant.